UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YOSDALIS E. GARCIA,

      Plaintiff,

v.

AAM INSURANCE CORP,
d/b/a UNIVISTA INSURANCE,
ALBERTO DOMINGUEZ MENENDEZ,
and ALAIN DOMINGUEZ MENENDEZ,
individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YOSDALIS E. GARCIA by and through the undersigned counsel, and hereby sues corporate Defendants AAM INSURANCE CORP, d/b/a UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. At all times, material hereto, Plaintiff YOSDALIS E. GARCIA (hereinafter YOSDALIS E. GARCIA or Plaintiff) was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant AAM INSURANCE CORP, d/b/a UNIVISTA INSURANCE (hereinafter UNIVISTA INSURANCE, or Defendant) is a profit Florida Corporation, and at all times material hereto Defendant was and is engaged in interstate commerce.

4. The Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ are the owners/directors/and managers of UNIVISTA INSURANCE. Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ are the employers of Plaintiff within the meaning of 29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff YOSDALIS E. GARCIA brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of herself and other similarly situated employees of Defendant.

7. Defendant UNIVISTA INSURANCE is an insurance broker or Agency with offices located at 9880 SW 40th Street, Miami, Florida 33165, where Plaintiff worked.

8. Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ employed Plaintiff YOSDALIS E. GARCIA as a full-time hourly employee from on or about April 08, 2019, to February 25, 2022, or 150 weeks.

9. Plaintiff performed as an inside sales insurance agent. Plaintiff's primary duty was to sell insurance policies at the Defendants' facilities.

10. Plaintiff was paid an hourly rate of $16.00 an hour. Plaintiff's wage rate was $18.00 an hour during the last 24 weeks of employment. Plaintiff's overtime rate should be $24.00 and $27.00 an hour.

11. In addition to her regular wages of $640.00 or $720.00 weekly, Plaintiff received an average of $250.00 weekly in commissions. Plaintiff's regular rate never exceeded one and one-half times the applicable minimum wage for every hour worked in which overtime hours were worked, and Plaintiff's commissions represented less than half of her total earnings for a week period.

12. Therefore,  Plaintiff was not subjected to the overtime exception of Section 7(i) of the FLSA or any other exception. Thus, Plaintiff was entitled to be paid for overtime hours,

13. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday, from 9:00 AM to 7:00 PM (10 hours each day), or 50 hours weekly, at the Agency. At home, From Monday to Friday, Plaintiff completed office work for a minimum of 1 hour daily, or 5 hours weekly. On Saturdays and Sundays, Plaintiff usually worked from 10:00 AM to 2:00 PM (4 hours each day). Every week Plaintiff completed 63 working hours.

14. Plaintiff worked 63 hours every week. Nevertheless,  Defendants paid Plaintiff just 40 regular hours, but they did not pay her for overtime hours.

15. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals through a Hangout app. Plaintiff worked under the close supervision of the owners of the Agency, and they were in complete control of Plaintiff's schedule and activities. Defendants knew about the hours that Plaintiff was working.

16. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid bi-weekly by direct deposits, without paystubs or any clear record providing basic information about the number of days and hours worked, wage rate paid, commissions earned, employee tax deductions, etc. Plaintiff was paid her commissions monthly.

18. Plaintiff was not in agreement with the lack of payment for overtime hours and the number of commissions paid to her, and she complained once per month upon receiving her wages for the last three months of employment.

19. Plaintiff complained several times to her manager about working too many hours without overtime pay. Defendant ALBERTO DOMINGUEZ MENENDEZ refused to pay for overtime hours.

20. On or about Friday, February 25, 2022, Plaintiff sat down to talk to the owner of the business ALBERTO DOMINGUEZ MENENDEZ. Plaintiff demanded to be paid for overtime hours as required by law, and she also complained about unpaid commissions. The owner of the business got really angry. ALBERTO DOMINGUEZ MENENDEZ fired Plaintiff on the spot and told Plaintiff that he would make sure that nobody hires her and that he also would make sure that Plaintiff loses her license to sell insurance.

21. At the time of her firing, Defendants refused to Pay Plaintiff her last two weeks of employment and her monthly commissions for an approximated value of $800.00.

22. Plaintiff YOSDALIS E. GARCIA seeks to recover unpaid regular and overtime wages, unpaid commissions, retaliatory damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff YOSDALIS E. GARCIA re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff YOSDALIS E. GARCIA and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant UNIVISTA INSURANCE is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an insurance broker that has more than two employees recurrently engaged in interstate commerce by processing credit card transactions that involve interstate banking and insurance systems; by performing business via interstate telephone calls or the US. Mail; by selling insurance policies from out-of-state companies. Upon information and belief, the annual gross

revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business by selling insurance policies from out of state companies. Therefore, there is individual coverage.

28. Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ employed Plaintiff YOSDALIS E. GARCIA as a full-time hourly employee from on or about April 08, 2019, to February 25, 2022, or 150 weeks.

29. Plaintiff performed as an inside sales insurance agent. Plaintiff's primary duty was to sell insurance policies at the Defendants' facilities.

30. Plaintiff was paid an hourly rate of $16.00 an hour. Plaintiff had a wage rate increase to $18.00 an hour during the last 24 weeks of employment. Plaintiff's overtime rate should be $24.00 and $27.00 an hour.

31. In addition to her regular wages of $640.00 or $720.00 weekly, Plaintiff received an average of $250.00 weekly in commissions. Plaintiff's regular rate never exceeded one and one-half times the applicable minimum wage for every hour worked in which overtime hours were worked, and Plaintiff's commissions represented less than half of Plaintiff's total earning for a week period.

32. Therefore,  Plaintiff was not subjected to the overtime exception of Section 7(i) of the FLSA or any other exception. Thus, Plaintiff was entitled to be paid for overtime hours,

33. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday 55 hours at the office and Saturdays and Sundays 4 hours each day at home, for a total of 63 hours weekly.

34. Plaintiff worked 63 hours every week. Nevertheless,  Defendants paid Plaintiff just 40 regular hours, but they did not pay her for overtime hours.

35. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals through a Hangout app. Plaintiff worked under the close supervision of the owners of the Agency, and they were in complete control of Plaintiff's schedule and activities. Defendants knew about the hours that Plaintiff was working.

36. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Plaintiff was paid bi-weekly by direct deposits, without paystubs or any clear record providing basic information about the number of days and hours worked, wage rate paid, commissions earned, employee tax deductions, etc. Plaintiff was paid her commissions monthly.

38. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendants.  Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

39.  Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law.

41. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

   *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

   a.   Total amount of alleged unpaid wages:

   Eighty-Four Thousand Four Hundred Fifty-Six and 00/100 (84,456.00)

   b.   Calculation of such wages:

   Total time of employment: 150 weeks
   Total relevant weeks of employment:  150 weeks
   Total hours worked: 63 hours weekly
   Total Overtime hours:  23 O/T hours
   Total number of unpaid O/T hours: 23 O/T hours weekly


   **1.- Unpaid Overtime for 126 Weeks with 63 Hours @ $16.00 Regular Rate**

   Total relevant weeks: 126 weeks
   Total hours worked:  63 hours weekly
   Total overtime hours: 63 O/T hours
   Total unpaid O/T hours: 23 O/T hours
   Regular rate: $16.00 an hour x 1.5=$24.00 O/T hour
   O/T rate:  $24.00 an hour

   O/T rate $24.00 x 23 O/T hours=552.00 weekly x 126 weeks=$69.552.00

   **2.- Unpaid Overtime for 24 Weeks with 63 Hours @ $18.00 Regular Rate**

   Total relevant weeks: 24 weeks
   Total hours worked:  63 hours weekly
   Total overtime hours: 63 O/T hours
   Total unpaid O/T hours: 23 O/T hours
   Regular rate: $18.00 an hour x 1.5=$27.00 O/T hour
   O/T rate:  $24.00 an hour

O/T rate $27.00 x 23 O/T hours=621.00 weekly x 24 weeks=$14,904.00

Total #1 and #2: $84,456.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime.

43. At all times, material hereto, the Employer/Defendant UNIVISTA INSURANCE, failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

44. Defendant UNIVISTA INSURANCE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. At times mentioned, individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ were the owners/Managers of Defendant Corporation UNIVISTA INSURANCE. Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ had operational control of the business, they determined Plaintiff's employment terms and conditions, and they are jointly liable for Plaintiff's damages. The Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ were the employers of Plaintiff

and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of Defendant UNIVISTA INSURANCE in relation to the employees, including Plaintiff and others similarly situated. They are jointly and severally liable for Plaintiff's damages.

46. Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YOSDALIS E. GARCIA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff YOSDALIS E. GARCIA and those similarly-situated demand trial by jury of all issues triable as right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

48. Plaintiff YOSDALIS E. GARCIA re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

49. Defendant UNIVISTA INSURANCE is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an insurance broker that has more than two employees recurrently engaged in interstate commerce by processing credit card transactions that involve interstate banking and insurance systems; by performing business via interstate telephone calls or the US. Mail; by selling insurance policies from out-of-state companies. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is enterprise coverage.

50. Plaintiff was employed by an enterprise engaged in interstate commerce and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business by selling insurance policies from out of state companies. Therefore, there is individual coverage.

51. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day.

52. Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ employed Plaintiff YOSDALIS E. GARCIA as a full-time hourly employee from on or about April 08, 2019, to February 25, 2022, or 150 weeks.

53. Plaintiff performed as an inside sales insurance agent. Plaintiff's primary duty was to sell insurance policies at the Defendants' facilities.

54. Plaintiff was paid an hourly rate of $16.00 an hour and $18.00 an hour during the last 24 weeks of employment.

55. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday 55 hours at the office and Saturdays and Sundays 4 hours each day, for a total of 63 hours weekly.

56. Plaintiff worked 63 hours every week. Nevertheless,  Defendants paid Plaintiff just 40 regular hours, and they did not pay her for overtime hours.

57. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals through a Hangout app. Plaintiff worked under the close supervision of the owners of the Agency, and they were in complete control of Plaintiff's schedule and activities. Defendants knew about the hours that Plaintiff was working.

58. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

59. Plaintiff was paid bi-weekly by direct deposits, without paystubs or any clear record providing basic information about the number of days and hours worked, wage rate paid, commissions earned, employee tax deductions, etc. Plaintiff was paid her commissions monthly.

60. On or about February 25, 2022, Plaintiff complained about her unpaid wages, and as a result, Defendants fired Plaintiff.

61. At the time of her firing, Defendants refused to pay Plaintiff for her last two weeks of work.

62. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

63. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

64. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

65. Plaintiff was paid weekly by direct deposits, without paystubs or any kind of records providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

66. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

67. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

68. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages as follows:

*Please note that this amount is based on preliminary calculations, and these figures could be subject to modifications as discovery could dictate.
 Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a.  Total amount of alleged unpaid wages:

       Eight Hundred Dollars and 00/100 ($800.00)

   b.  Calculation of such wages:

       Total period of employment:  150 weeks
       Total relevant weeks:150 weeks
       Total number of unpaid weeks:  2 weeks
       Total hours worked: 40 hours weekly
       Rate paid:  $18.00 an hour

Florida minimum wage 2022: $10.00

Min. wage $10.00 x 40 hours= $400.00 weekly x 2 weeks=$800.00

c.   Nature of wages:

This amount represents unpaid minimum wages at the Florida minimum wage rate.

69. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wages violations accumulated during her relevant time of employment.

70. Defendants knew and showed reckless disregard about the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

71. At times mentioned, individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ were the owners/Managers of Defendant Corporation UNIVISTA INSURANCE. Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ had operational control of the business, they determined Plaintiff's employment terms and conditions, and they are jointly liable for Plaintiff's damages. The Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interest of Defendant UNIVISTA INSURANCE in relation to the employees, including Plaintiff and others similarly situated. They are jointly and severally liable for Plaintiff's damages.

72. Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ willfully and intentionally refused to pay Plaintiff

minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

73. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YOSDALIS E. GARCIA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff YOSDALIS E. GARCIA and against the Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff YOSDALIS E. GARCIA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**</u>

74. Plaintiff re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

75. Defendant UNIVISTA INSURANCE is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an insurance broker that has more than two employees recurrently engaged in interstate commerce by processing credit card transactions that involve interstate banking and insurance systems; by performing business via interstate telephone calls or the US. Mail; by selling insurance policies from out-of-state companies. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is enterprise coverage.

76. Plaintiff was employed by an enterprise engaged in interstate commerce. Through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business by selling insurance policies from out-of-state companies. Therefore, there is individual coverage.

77. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

78. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

79. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

80. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

81. Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ employed Plaintiff YOSDALIS E. GARCIA as a full-time hourly employee from on or about April 08, 2019, to February 25, 2022, or 150 weeks.

82. Plaintiff performed as an inside sales insurance agent. Plaintiff's primary duty was to sell insurance policies at the Defendants' facilities.

83. Plaintiff was paid an hourly rate of $16.00 an hour and $18.00 an hour during the last 24 weeks.

84. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday 55 hours at the office and Saturdays and Sundays 4 hours each day at home, for a total of 63 hours weekly.

85. Plaintiff worked 63 hours every week. Nevertheless,  Defendants paid Plaintiff just 40 regular hours, and they did not pay her for overtime hours.

86. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals through a Hangout app. Plaintiff worked under the close supervision of the owners of the Agency, and they were in complete control of Plaintiff's schedule and activities. Defendants knew about the hours that Plaintiff was working.

87. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

88. Plaintiff was paid bi-weekly by direct deposits, without paystubs or any clear record providing basic information about the number of days and hours worked, wage rate paid, commissions earned, employee tax deductions, etc. Plaintiff was paid her commissions monthly.

89. Plaintiff was not in agreement with the lack of payment for overtime hours and the number of commissions paid to her, and she complained once per month upon receiving her wages for the last three months.

90. Plaintiff complained several times to her manager about working too many hours without overtime pay. Defendant ALBERTO DOMINGUEZ MENENDEZ refused to pay for overtime hours.

91. These complaints constituted protected activity under the Fair Labor Standards Act.

92. On or about Friday, February 25, 2022, Plaintiff sat down to talk to the owner of the business ALBERTO DOMINGUEZ MENENDEZ. Plaintiff demanded to be paid for overtime hours as required by law, and she also complained about unpaid commissions.

93. However, the owner of the business ALBERTO DOMINGUEZ MENENDEZ  got really angry. ALBERTO DOMINGUEZ MENENDEZ fired Plaintiff on the spot and told Plaintiff that he would make sure that nobody hires her, and he also would make sure that Plaintiff loses her license to sell insurance.

94. At the time of her firing, Defendants refused to Pay Plaintiff her last two weeks of employment and her monthly commissions for an approximated value of $800.00.

95. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

96. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq. also.

97. On or about February 25, 2022, Defendants fired Plaintiff due to her complaints about overtime hours and commissions.

98. There is close proximity between Plaintiff's last protected activity and her termination.

99. During her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

100.     At times mentioned, individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ were the owners/Managers of Defendant Corporation UNIVISTA INSURANCE. Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ had operational control of the business, they determined Plaintiff's employment terms and conditions, and they are jointly liable for Plaintiff's damages. The Individual Defendants ALBERTO DOMINGUEZ MENENDEZ and ALAIN DOMINGUEZ MENENDEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interest of Defendant UNIVISTA INSURANCE in relation to the employees, including Plaintiff and others similarly situated. They are jointly and severally liable for Plaintiff's damages.

101.     The Defendants' retaliatory termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3), and, as a direct result, Plaintiff has been damaged.

102.     Plaintiff YOSDALIS E. GARCIA seeks to recover unpaid overtime wages, retaliatory damages, and any other relief allowed by law.

103.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff YOSDALIS E. GARCIA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants UNIVISTA INSURANCE, ALBERTO DOMINGUEZ MENENDEZ, and ALAIN DOMINGUEZ MENENDEZ that Plaintiff YOSDALIS E. GARCIA recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YOSDALIS E. GARCIA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff YOSDALIS E. GARCIA demands a trial by jury of all issues triable as of right by jury.

DATED: April 27, 2022

Respectfully submitted,
By:  **/s/ Zandro E. Palma**

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*